Filed 6/5/15  Tenpas v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CYNTHIA TENPAS, | |
| Petitioner, | E063213 |
| v. | (Super.Ct.No. RIC1404069) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| RIVERSIDE COMMUNITY COLLEGE DISTRICT, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Sunshine S. Sykes, Judge.  Petition is granted.

Miller Miller Menthe, Darrel C. Menthe and Adam I. Miller, for Petitioner.

No appearance for Respondent.

Liebert Cassidy Whitmore, Mark H. Meyerhoff and Lee T. Patajo, for Real Party in Interest.

1

In this matter we have reviewed the petition and the opposition filed by real party in interest. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

DISCUSSION

In reviewing a pleading against the challenge of a general demurrer, we read the allegations generously and liberally construe the pleading with a view to substantial justice between the parties. (*Jones v. ConocoPhillips Co.* (2011) 198 Cal.App.4th 1187, 1193-1194.) Under this standard, plaintiff has stated a cause of action under Labor Code section 1102.5.

First, *Carter v. Escondido Union High School Dist.* (2007) 148 Cal.App.4th 922 does not hold that a plaintiff must allege a specific statute; the holding of the case is simply that a report of questionable practices which violate no law does not bring Labor Code section 1102.5 into play. *Love v. Motion Indus., Inc.* (N.D.Cal. 2004) 309 F.Supp.2d 1128 involved a summary judgment and is not helpful where the issue is one of pleading.

Here, plaintiff alleges that she believed the proposed hiring of "Marissa" implicated "violations of federal immigration law" which require that "every employer verify each employee's identity and work authorization . . . [and] have each employee fill out an I-9 immigration form." This is readily sufficient to allow an employer to

2

determine what law the plaintiff believes may have been violated. (See 8 U.S.C.A. § 1324a.) Furthermore, a reasonable reading of the allegations reflects that plaintiff did not merely mention her concerns and ask for authorization; the clear implication is that plaintiff challenged her superiors over the proposed hiring by expressing her belief that it would be illegal.

Accordingly, the trial court erred in sustaining the demurrer to the second cause of action, and we grant the petition.

## DISPOSITION

Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to vacate its order sustaining real party in interest's demurrer to the second cause of action of plaintiff's complaint, and to enter a new order overruling the demurrer in that respect.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties. Petitioner to recover her costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____
                                                                     P. J.

We concur:


HOLLENHORST _____
                      J.


KING _____
                      J.

3